[No. 2583. Decided June 28, 1897.]

THE STATE OF WASHINGTON, *on the Relation of Middle-brook, Stoner & Co.,* v. FRANK T. REID, *Judge of the Superior Court of Snohomish County.*

MANDAMUS TO JUDGE — LIABILITY FOR COSTS.

Where a writ of mandate issues out of the supreme court to a judge of the superior court to compel him to reinstate an appeal from a justice of the peace, which he had improperly dismissed, judgment for costs should be rendered against the real party in interest and not against the superior judge, except in case of wilful misconduct or dereliction of duty on his part warranting it.

*Original Application for Mandamus.*

*Fred H. Peterson,* and *S. S. Carlisle,* for relator.

*Allen Weir,* for respondent.

*Per Curiam.*—This is a motion on the part of N. R. Kemp to set aside a judgment rendered against him for costs in granting a writ of mandate against the superior court of Kitsap county. The facts relating thereto are as follows: Said Kemp commenced an action before a justice of the peace against the firm of Middlebrook, Stoner & Co., and obtained a judgment against them; whereupon they appealed to the superior court aforesaid and that court dismissed the appeal upon Kemp's motion. In the showing for an alternative writ it was made to appear that the court dismissed the appeal on the ground that it was from a default judgment, and that no appeal could lie therefrom. It was also made to appear that there had in fact been a trial upon the merits before the justice of the peace, and upon that showing an alternative writ was directed to issue. No return was made by the respondent thereto, but at the hearing Kemp appeared and undertook to submit an

individual return. By a mistake the alternative writ had originally issued against the judge of said court and also against said plaintiff Kemp, but upon that being called to the attention of the court, Kemp's name was stricken, as the writ could nominally run only against the judge, although Kemp was the party in interest. The court would not entertain the return by Kemp, holding that it must be by the judge. No reason was shown why the judge had not made a return thereto; nor was any additional time asked for that purpose, as would likely have been done if the facts were not as shown by the relator, and a peremptory writ was directed to issue with costs against Kemp on the ground of his being the party in interest.

It has been the uniform practice of the court to regard such applications as a proceeding in the original action, and to tax the costs against the real party in interest. By his action he induced the lower court to render an unwarranted decision. The relator on being successful should recover his costs. The costs should not go against the judge except in case of some wilful misconduct or dereliction of duty warranting it, and no such showing is made in this instance. Consequently the costs should go against Kemp, he being the one against whom the decision was in fact rendered, and in the absence of any authority showing that we have no power to render such a judgment for costs, we will follow the practice heretofore adopted.

Motion denied.